Pro Se General Complaint for a Civil Case (Rev 10/16)

# United States District Court
## for the
## NORTHERN DISTRICT OF ALABAMA

Kayla South
_____

**Plaintiff**
*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

v.

See attached
_____

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above or on page 2, please write "see attached" in the space and attach an additional page with the full list of names)*

2023 MAY 25  A. 11: 03

Case No.: **4:23cv675-CLM**
(to be filled in by the Clerk's Office)

JURY TRIAL ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

**I.     The Parties to This Complaint**

      **A.     The Plaintiff**

| | |
|---|---|
| Name | Kayla Jean South |
| Street Address | 177 Dogwood Drive |
| City and County | Odenville, St. Clair |
| State and Zip Code | Alabama 35120 |
| Telephone Number | (205) 121-5735 |

      **B.     The Defendant(s)**

          Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. If you are suing an individual in his/her official capacity, include the person's job or title. Attach additional pages if needed.

Pro Se General Complaint for a Civil Case (Rev. 10-16)

Defendant No. 1
Name       Alabama Department of Human Resources

Job or Title

Street Address      50 N Ripley Street

City and County      Montgomery, Montgomery County

State and Zip Code    Alabama 36130

Defendant No. 2
Name       Kari and Christopher Pearce

Job or Title      illeally adoptive parents

Street Address      4549 County Rd 12

City and County      Ashville St. Clair

State and Zip Code    Alabama 35120

Defendant No. 3
Name       Robert L Minor

Job or Title      Juvenile Court Judge

Street Address      100 6th Avenue

City and County      Ashville St. Clair

State and Zip Code    Alabama 35953

Defendant No. 4
Name       Rebecca Watson or DOES 1-3

Job or Title      Clerk of Court St. Clair Probate Court

Street Address      165 5th Avenue

City and County      Ashville St. Clair

State and Zip Code    Alabama, 35953.

Pro Se General Complaint for a Civil Case (Rev.10.16)

**C.**   **If the Basis for Jurisdiction is Diversity of Citizenship**

1.   The Plaintiff

The plaintiff, *(name)*_____, is a citizen of the State of *(name)*_____.

2.   The Defendant(s)

a.   If the defendant is an individual

The defendant, *(name)*_____, is a citizen of the State of *(name)*_____. Or is a citizen of *(foreign nation)* _____.

b.   If the defendant is a corporation

The defendant, *(name)*_____, is incorporated under the laws of the State of *(name)*_____, and has its principal place of business in the State of *(name)*_____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy – the amount the plaintiff claims the defendant owes or the amount that is at state – is more than $75,000, not counting interest and costs of court, because: *(explain)*

asking for an attorney to be appointed _____

_____

**III.   Statement of Claim**

Defendant No. 5
    Name                _See attached_

    Job or Title

    Street Address

    City and County

    State and Zip Code

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only these types of cases can be heard in federal court: a dispute that involves a right in the United States Constitution or a federal law (as opposed to a state law or local ordinance); a dispute that involves the United States of America (or any of its agencies, officers or employees in their official capacities) as a party; and a dispute between citizens of different states with an amount in controversy that is more than $75,000.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Constitutional or Federal Question   ☐ USA Defendant   ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction is USA defendant

The Defendant(s)

Name of Agency  _Alabama Department of Human Resources_

Address  _50 N Ripley Street Montgomery, AL 36130_

### B.   If the Basis for Jurisdiction is a Constitutional or Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_See attached_

Pro Se General Complaint   il Case (Rev 10 16)

Write a short and plain statement of the claim. Briefly state the facts showing that the plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Denial of Access to the Court for Remedy by Law of Injustice occured

Denial of 14ᵗʰ Amendment Principles of Fundamental Fairness in Hearings as provide for by Due Process of Law and Equal Protection Under the Law

Complete and total lack of Subject Matter and personal Jurisdiction

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks for the court to order. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive (punishment) or exemplary (warning or deterrent) damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Injunctive and Declaratory Relief and Appointment of An Attorney

## V.    Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

First Name _Kayla_                     Last Name _South_

Mailing Address _177 Dogwood Drive_

City and State _Odenville, Alabama_              Zip Code _35120_

Telephone Number _205-702-5132_

E-mail Address _Kaylanchristian2016@gmail.com_

Signature of plaintiff _Kayla South_

Date signed _May 23, 2023_

## **OPTIONAL**

You may request to receive electronic notifications. You <u>may not</u> file documents or communicate with the court electronically. All documents must be submitted in <u>paper</u> and you must serve the defendants.

Type of personal computer and related software/equipment required:

- Personal computer running a standard platform such as Windows or Mac OSX
- Internet access (high speed is recommended)
- A Web browser (Microsoft Internet Explorer 7.0 or 6.0 or Mozilla Firefox 2 or 1.5)
- Adobe Acrobat Reader is needed for viewing e-filed documents
- PACER account – Information and registration at

- You will receive one "free" look of the document. Documents must be viewed within 14 days. You must only single-click on the hyperlink to view.

**Note: You must promptly notice the Clerk's Office, in writing, if there is a change in your designated e-mail address. Failure to update your email address does <u>not</u> excuse failures to appear or timely respond.**

E-mail type:

☐ HTML – Recommended for most e-mail clients

☐ Plain Text – Recommended for e-mail accounts unable to process HTML e-mail

Conditioned upon the sufficiency of your electronic equipment which the court will test and verify receipt, you will be allowed to receive electronic notifications.

By submitting this request , the undersigned consents to electronic service and waives the right to personal service and service by first class mail pursuant to Rule 5(b)(2) of the Federal Rules of Civil Procedure, except with regard to service of a summons and complaint.

When a filing is entered on the case docket, a party who is registered for electronic noticing will receive a Notice of Electronic Filing in his/her designated e-mail account. The Notice will allow one free look at the document, and any attached .pdf may be printed or saved.

IMPORTANT:

Messages sent to Yahoo or AOL accounts are frequently found in the spam folder until the court is added to your address book.

E-mail address designated for noticing:

Kaylan Christian2016@gmail.com

Participant signature: Kayle Aretho

Date: May 23, 2023

AO 242 (Rev. 10/16) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| _Kayla South_ <br> Petitioner <br> *(Full name)* <br><br> -v- <br><br> _Alabama Department of Human Resources_ <br> Respondent <br> *(Name of warden or authorized person having custody of petitioner.)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> )      *(to be filled in by the* <br> )      *Clerk's Office)* <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.    (a)    Your full name: _Kayla South In re: Christian White_

      (b)    Other names you have used: _N/A_

2.    Place of confinement:

      (a)    Name of Institution: _Illegal Adoption by Alabama Department of Human Resources_

      (b)    Address: _4549 County Road 12 Ashville, AL 35120_

      (c)    Your prisoner identification number: _N/A_

3.    Are you currently being held on orders by:

      ☐    Federal authorities      ☐    State authorities      ☒    Other – explain:

      _Illegal Adoption by Alabama Department of Human Resources_

4.    Are you currently:

      ☐    A pretrial detainee (waiting for trial on criminal charges)

      ☐    Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

        If you are currently serving a sentence, provide:

        (a)    Name and location of court that sentenced you: _St. Clair Juvenile and_
_Probate Courts, and without Subject Matter Jurisdiction_

1

(b)    Docket number of criminal case: _____

(c)    Date of sentencing: _____

☐    Being held on an immigration charge

☑    Other *(explain)* Jennings Reservation Filed May 23, 2022
Dependent now being illegally adopted
St. Clair County Courts refuse to recognize a clearly establish
lack of Jurisdiction and Due Process of Law and Equal Protection
Under the Law and by the La

5.    What are you challenging in this petition:

☐    How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐    Pretrial detention

☐    Immigration detention

☐    Detainer

☐    The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐    Disciplinary proceedings

☑    Other *(explain)* illegal adoption and inclusing without subject matter jurisdiction

6.    Provide more information about the decision or action you are challenging:

(a)    Name and location of the agency or court: See attached piece of a lawsuit

(b)    Docket number, case number, or opinion number: See attached

(c)    Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: illegal adoption and involuntary termination of parental Rights. All done absent any subject matter jurisdiction, Constitutional Rights or otherwise by clearly established Law

(d)    Date of the decision or action: See attached

### Your Earlier Challenges of the Decision or Action

7.    **First Appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes       ☐ No

(a)    If "Yes," provide: Denid Right to post termination Relief.

(1) Name of authority, agency, or court: St. Clair County Probate and Juvenile Courts

(2) Date of filing: See attached

(3) Docket number, case number, or opinion number: N-2021-452

(4) Result: illegal adoption making him now Dependent

(5) Date of result: See attached   refused access to the Court

(6) Issues raised: lack of access to the Court for remedy by Law
of injustices accused. Lack of Due Process of Law,
Lack of Equal Protection by law and under the Law
Denia of Right to be heard and in a meaningful time and manner
Denial of Right to post termination relief
Equal Access to Justice and most if not all Constitutional Rights
Denial of Appeal as of Right and Trial by Jury.

(b) If you answered "No," explain why you did not appeal: My mom got extremely sick
and needed much more care in the midst of falling short on time frame
for Writ of Certiorical to U.S. Supreme Court and Alabama Supreme Court
Writ of Mandemus for impeded
Still pending Appeal,

8. **Second Appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of authority, agency, or court: St. Clair County Circuit Court

(2) Date of filing: See attached

(3) Docket number, case number, or opinion number: See attached

(4) Result: Appeal left pending unable to proceed forward

(5) Date of result: See attached

(6) Issues raised: See attached

(b) If you answered "No," explain why you did not file a second appeal: _____
See attached

9.    **Third Appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court:

☒   Yes            ☐   No

(a)    If "Yes," provide:

    (1)    Name of authority, agency, or court: Alabama Court of Civil Appeals

    (2)    Date of filing: See attached

    (3)    Docket number, case number, or opinion number: N-2021-452

    (4)    Result: Granted leave to file Rule 60(b)

    (5)    Date of result: See attached

    (6)    Issues raised: See attached

No Jurisdiction, no Due Process of Law, no Equal access to Justice, no issues preserved for Appeal, Denial of access to the Court for Remedy by Law, lack of ability to Consent to illegal adoption, lack of Service of Process, lack of 14th Amendment Principles of Fundamental Fairness in Hearings

(b)    If you answered "No," explain why you did not file a third appeal:

See attached - state Court proceedings inadequate

10.    **Motion Under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒   Yes            ☐   No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?    ☐   Yes          ☒   No

If "Yes," provide:

    (1)    Name of court:

    (2)    Case number:

    (3)    Date of filing:

    (4)    Result:

    (5)    Date of result:

    (6)    Issues raised:

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?   N|A

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:  Denial of Access to the Court for Remedy by Law and State Court proceedings inadequate and cannot meet strict scruity as provided for by The First Amendment of The Alabama and United States Constitutions

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐    Yes      ☑    No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

        ☐    Yes      ☐    No

If "Yes," provide:

    (1)    Date of filing: _____

    (2)    Case number: _____

    (3)    Result: _____

    (4)    Date of result: _____

(5)   Issues raised: _____

_____

_____

_____

_____

_____

**(d)**   Did you appeal the decision to the United States Court of Appeals?

☐   Yes        ☐   No

If "Yes," provide:

(1)   Name of court: _____

(2)   Date of filing: _____

(3)   Case number: _____

(4)   Result: _____

(5)   Date of result: _____

(6)   Issues raised: _____

_____

_____

_____

_____

_____

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑   Yes        ☐   No

If "Yes," provide:

(a)   Kind of petition, motion, or application: _See attached_

(b)   Name of authority, agency, or court: _St. Clair County Probate, Circuit, Juvenile, Alabama Court of Civil Appeals, Alabama Supreme Court_

(c)   Date of filing: _See attached_

(d)   Docket number, case number, or opinion number: _See attached_

(e)   Result: _Denial of Access to the Court for Remedy by Law of Injustice_

(f)   Date of result: _See attached_

(g)    Issues raised: _See attached_ _____

_____

_____

_____

_____

_____

_____

## **Grounds for Your Challenge in This Petition**

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** _Denial of Access to the Court for Remedy by_ _Law of Injustice or Equal Access to Justice_ _____

_____

(a)    Supporting facts *(Be brief. Do not cite cases or law.)*: _____

_SC Circuit Court denied Writ of Mandamus by Granting_ _Ex Parte Motion to Dismiss with attached matters outside_ _the pleadings and without converting into a Motion for Summary_ _Judgment. The Law and Constitution are 100% on the_ _Mother and innocent child's side so egregiously denied_

(b)    Did you present Ground One in all appeals that were available to you?

     ☑   Yes      ☐   No

**GROUND TWO:** _Denial of Due Process of Law and Equal Protection_ _of the Law and by the Law and 14th Amendment Principles_ _of Fundamental Fairness in Hearings_ _____

(a)    Supporting facts *(Be brief. Do not cite cases or law.)*: _____

_Appeal pending prevented from moving forward with_ _Demand for Trial by Jury also impeded_

_____

**(b)**    Did you present Ground Two in all appeals that were available to you?

☑   Yes        ☐   No

**GROUND THREE:** _____

_____ Complete and total lack of Subject Matter and Personal
_____ Jurisdiction _____

**(a)**    Supporting facts *(Be brief. Do not cite cases or law.):* _____

_____ Denial of Due Process of Law
_____ Denial of 14ᵗʰ Amendment Principles of Fundamental
_____ Fairness in Hearings

**(b)**    Did you present Ground Three in all appeals that were available to you?

☑   Yes        ☐   No

**GROUND FOUR:** _Denial of Right to Trial by Jury_

_____

_____

**(a)**    Supporting facts *(Be brief. Do not cite cases or law.):* _____

_____ Notice of Intent to Appeal timly filed, yet
_____ refusal to send over to St. Clair Circuit Court to
_____ hold said Trial by Jury.

**(b)**    Did you present Ground Four in all appeals that were available to you?

☑   Yes        ☐   No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you
did not: _Denial of Right to complete a defense_
_____ ADA and Section 504 of The Rehabilitation Act
_____ No Fundamentally fair proceedings and cannot withstand
_____ Strict Scrutiny as provided for by The First Amendment U.S.CA.

### Request for Relief

15.   State exactly what you want the court to do: Preliminary or Permant Injunction Preventing others similarly situated from like my innocent only child, Christian White from too being illegally adopted Out and without any subject matter jurisdiction Asking for immediate Return of innocent child, Christian White before terminally ill maternal grandmother leaves this Earth, already outliving projected timeframe

### Declaration Under Penalty of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: N/A

I declare under penalty of perjury that I am the petitioner. I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: May 23, 2023

Kayle Keeth, Pro Se
*Signature of Petitioner*

Pro Se
*Signature of Attorney, if any*

asking for Court to Appoint an attorney.

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

## FEDERAL DISTRICT OF ALABAMA

Case No. _____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

PETITIONER:

[Kayla South, PRO SE

DEFENDANTS:

[ St.Clair County Juvenile Court Judge Robert L. MinorPresiding District Judge:

100 6th Avenue Ashville, Ashville, AL 35953],

[Alabama Department of Human Resources Kimberly Dobbs Assistant Attorney General :

50 North Ripley Street, Montgomery, Alabama, 36130],

Alabama General Attorney General Steve Marshall

State of Alabama 501 Washington Avenue Montgomery, AL 36104

St.Clair County District Attorney Lyle Harmon District Attorney

P.O. Box 40, Ashville, AL 35953

[St.Clair County Department of Human Resources Wendy Yousif :

213 Fox Hollow Drive, Pell City, Al. 35125],

[St.Clair County Department of Human Resources Charity Shaw:

213 Fox Hollow Drive, Pell City, Al. 35125],

[St.Clair County Department of Human Resources Connie Baine

213 Fox Hollow Drive, Pell City, Al. 35125],

St.Clair County Department of Human Resources Traci Henderson:

213 Fox Hollow Drive, Pell City, Al. 35125],

[Former St.Clair County Probate Court andCircuit Judge Mike Bowling
100 6th Avenue, P.O. Box 220, Ashville, AL 35953],

[St.Clair CountyDistrict Judge Alan Furr Presiding District Judge
100 6th Avenue, Ashville, AL 35953],

[St.Clair County Probate Court Judge Andrew Weathington Presiding
Circuit Judge:
165 5th Avenue, P.O. Box 220, Ashville, AL 35953],

[St.Clair County Circuit Court Judge Philip K.SeayPresiding Circuit
Judge
100 6th Avenue, Ashville, AL 35953],

[St.Clair County Chief Clerk of Court Probate Court, Rebecca Watson
165 5th Avenue, P.O. Box 220, Ashville, AL 35953],

[St.Clair County Council Ericka Elzey:
1815 Cogswell Avenue, Pell City, AL. 35125],

[St.Clair County Counsel for Indigent Defendants Jennifer A. Sellers:

1815 Cogswell Avenue, Pell City, AL. 35125].

[St.Clair County Counsel for Indigebt Defendants Brandy Valantini:

1815 Cogswell Avenue, Pell City, AL 35125

[St.Clair County Counsel for Indigent Defendants Landon King:

1815 Cogswell Avenue, Pell City, AL. 35125

[Office of Indigent Defense Services  Chris Roberts, Division Director:
P.O. Box 302598 Montgomery, AL 36130-2598].

[Marcella A. Stovall St.Clair County Drug Screen Program Director:
213 Fox Hollow Drive, Pell City, Al. 35125],

[Kari and Chris Pearce the former fosters and illegal adoptive parents:
4549 Co Rd 12, Ashville, AL 35120]

## JURISDICTION

Constitutional or Federal Question pursuant to Federal Rule of Civil Procedure 5.1(a). See ECF No. 45. In Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons;

A. If the Basis for Jurisdiction is USA defendant

The Defendant(s) Name of Agency

Address

B. If the Basis for Jurisdiction is a Constitutional or Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

4 See Jennings v. Stephens, 574 U.S. 271, 272 (2015) (noting that courts "reduce their opinions and verdicts to judgments precisely to define the parties' rights and liabilities"); Kessler v. Eldred. 206 U.S. 285, 289 (1907) ("If rights between litigants are once established by the final judgment of a court of competent jurisdiction those rights must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound by it."); City of Chanute v. Trader, 132 U.S. 210, 214 (1889) ("The rights of the parties to the judgment, in respect of its subject-matter, were fixed by its being rendered."); see also Morley v. Lake Shore & M.S. Ry. Co., 146 U.S. 162, 175 (1892) ("The effect of a judgment is to fix the rights of the parties thereto by the solemn adjudication of a court having jurisdiction." (citation omitted)).

275 See 2 RESTATEMENT (SECOND) OF JUDGMENTS § 11 (Am. L. Inst. 1980);
see, e.g., State v. Sams, 345 S.E.2d 179, 182 (N.C. 1986) ("An order is void ab initio
only when it is issued by a court that does not have jurisdiction.").

276 See Samuel L. Bray, The Myth of the Mild Declaratory Judgment, 63 DUKE
L.J. 1091, 1143 (2014) ("The declaratory judgment and the injunction are rough
substitutes."); see also Steffel v. Thompson, 415 U.S. 452, 466 (1974) (discussing the
close relationship between injunctions and declaratory judgments). But see Morley,
supra note 4, at 2458–59 (identifying certain circumstances in which it is
particularly important for people to have their rights protected by an injunction
rather than a declaratory judgment).

29 CFR § 1614.203; Americans with Disabilities Act  ADA Title II; EQUAL ACCESS TO
JUSTICE {5 U.S.C. 504); 28U.S.C.1983; 28 U.S.C. §2201.

An exception to Younger abstention arises if bad faith, harassment or some other
extraordinary circumstance in the state proceedings would make abstention
inappropriate  Middlesex County Ethics Comm., 457 U.S. at 437; Baffert v. California
Horse racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). "In the Younger abstention context,
bad faith 'generally means that a prosecution has been brought without a reasonable
expectation of obtaining a valid conviction.'" Baffert, 332 F.3d at 621 (citing Kugler v.
Helfant, 421 U.S. 117, 126 n. 6 (1975)).

constitutional violations under the Fourth, Fifth, and Fourteenth Amendments
(ROA 61-64 (Counts 2-4)), and requested the following declaratory and equitable relief
to remedy that pattern or practice.

## INTRODUCTION

This is a Civil Rights Action and Constitutional Challenge Petitioners bring this action on behalf of themselves and those similarly situated an allege as follow:

## PARTIES

### *PETITIONERS*

Kayla South, Petitioner and mother to CJW minor child at interest is a citizen of the United States of America.

The interested parties are Kayla South, Termination Of Parental Rights was heard in St.Clair Juvenile Court. The request for a hearing with the Full Supreme Court of Alabama. the state's highest court, was denied on March 8, 2022 (SC-2022-0680). The 90-day period to file a writ of certiorari ends on June 6, 2022. This writ for certiorari did not come to the Supreme Court of the United States.

### DEFENDANTS

St.Clair County Juvenile Court Judge Robert L. Minor is the Presiding District Judge.

Kimberly Dobbs is the Assistant Attorney General and Counsel for ADHR.

General Steve Marshall is Alabama's General Attorney.

Lyle Harmon is St.Clair County's District Attorney

Wendy Yousif a social worker for the child and parents at St.Clair County Department of Human Resources and is now a case supervisor.

Charity Shaw was the 2017 Investigator for St.Clair County Department of Human Resources.

Connie Baine was the Supervisor of the child and parents case. and is now the program director for St..Clair County Department of Human Resources.

Traci Henderson is a social worker at St.Clair County Department of Human Resources

Mike Bowling is the Former St Clair County Probate Court and Circuit Judge
Alan Furr is the Presiding District Judge and St.Clair CountyDistrict Judge
Andrew Weathington is the  Presiding Circuit Judge and St..Clair County Probate
Court Judge

Philip K.SeayPresiding is the Circuit Judge and St.Clair County Circuit Court
Judge

Rebecca Watson is the St.Clair County Chief Clerk of Court Probate Court

St.Clair County Department of Human Resources Council is Ericka Elzey:

Jennifer A. Sellers contracts with the state to represent Indigent Defendants in

St.Clair County and was appointed to represent the mother in 2017 and beginning

of 2019.

Brandy Valantini contracts with the state to represent Indigent Defendants in

St.Clair County and was appointed to represent the mother in 2019.

Landon King contracts with the state to represent Indigent Defendants in St.Clair

County and was the GAL in the child and parents case.

Chris Roberts is the Division Director for Alabama Office of Indigent Defense
Services

Marcella A. Stovall is the Drug Screen Program Director at

St.Clair County

Kari and Chris Pearce are the former foster parents and illegal adoptive parents.

## STANDARD OF REVIEW

"Whenever questions surface about the court's subject matter jurisdiction – even
fifteen years after the complaint was filed the court must make a serious and
studied examination of the issue.{Reahard v. Lee County, 978 F.2d 1212, 1213 (11th
Cir. 1992) (noting that a court "always must investigate questions of subject matter

jurisdiction, whether or not they are raised by the parties to the case." (citing
Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985))

## WHEN LIBERTY INTEREST PROTECTION QUESTION OF FIRST
## IMPRESSION WAS RAISED

The Question of weather it is unconstitutionally sound for termination for
employment to be more of a protected Liberty Interest than that of Civil Death,
Termination of Parental Rights was first raised in the 9/27/22 Rule 60(b) Relief from
Justice Motion to The St.Clair County Juvenile Court in case number
{JU2017-18.05}, again to the Alabama Court of Civil Appeals by direct Appeal and
by Application for Rehearing. {No.2210072}, and finally by Writ of Certiorari to the
Alabama Supreme Court. {SC-2022-0680}

## WHEN VIOLATIONS OF DUE PROCESS OF LAW RIGHTS WERE RAISED

The Petitioner raised her 14th Amendment rights in her September 27, 2019
Motion to the Juvenile Court {JU2017-18.05}, in a direct Appeal and Application for
Rehearing to The Alabama Court of Civil Appeals and by Writ of Certiorari to the
Alabama Supreme Court. A Writ of Mandamus requesting emergency relief was
filed after the Rule 60(b) Appeal and denied on October 21, 2021. Certificates of
judgment were issued on November 8, 2021. (Court of Civil Appeals Case Nos.
2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072,
Rules 60(b) Appeal that as respondent focuses on yet raises many of the same issues
now on Appeal. What is first and only raised is the Constitutional Question of First

Impression and the Denial of the Rule 60(b) Motion that does challenge every Order of SC Juvenile Court.(Court of Civil Appeals Case No. 221072)

## WHEN AN ABSENCE OF JURISDICTION OF THE JUVENILE COURT WAS RAISED

The Petitioner raised an absence of SC Juvenile Court's Jurisdiction was raised in the September 27, 2019 Motion to the Juvenile Court {JU2017-18.05}, in a direct Appeal and Application for Rehearing to The Alabama Court of Civil Appeals and by Writ of Certiorari to the Alabama Supreme Court SC-2022-0680 and {IN RE: PROBATE CASE#: N-2021-452}

The minor child did not meet the standards or definition of a Dependent child in need of supervision pursuant to any Alabama State Codes. A "Safety Plan" is not a child's entrance into Foster Care, therefore the SC Juvenile Court was without Subject Matter Jurisdiction to Adjudicate Dependency, no Evidentiary Hearing was held, the child was not Dependent as to his caretaker at the time of Adjudication of Dependency. (JU2017-18.05 and {Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072}

The home was more than proper for the child, no neglect, cruelty, or depravity on part of the guardian to be seen as an unfit or improper place for the child. The ISP investigation through agency records describes the child as "Healthy and adaptive". (Court of Civil Appeals Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072), with The child was never under insufficient guardianship or control as to endanger his morals, health or general

welfare, and many relatives available to take guardianship if it had indeed been needed. The child was/has never been physically, mentally or emotionally abused by the guardian or other custodian. The child was never without property parental care and control necessary for their well-being due to the faults or habits of their guardian or other custodian. Nonexistent was neglect or ability/refusal to provide for the minor child. Nonexistent was neglect or ability/refusal to provide for the minor child. Factual evidence was never presented to support these allegations. {Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072}

There was no doubt a true absence of clear or present danger of suffering lasting or permanent damage to the minor child, hence no exigent or emergency circumstances to invoke temporary emergency custody by the DHR agency. The child was in absolute absence of need for care or supervision, or protection of the State of Alabama. C.W. had two fit, loving parents and relatives surrounding him that day that were all capable, especially parents having Constitutional protections of their rights, that were all denied by the DHR agency in continuing their roles of responsible supervision over C.W. No need existed for supervision, treatment, rehabilitation, care or the protection of the state. The child was under the care of a fit parent at the time, as the ISP described the child as 'happy, developmentally appropriate, responsive to people, learns quickly and adaptive". There was never an assessment into the adequacy of the parents' food, shelter, medical attention, or of the environment being conductive for the upbringing of said child. There was no

Who is accountable when Officers of the Court conspire to Sentence a family to Civil Death, and all sit by and facilitate or watch it occur in real time? {Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072 and {IN RE: PROBATE CASE#: N-2021-452}

This case not only takes an in-depth analysis of fundamental rights of family and the government's unlimited infringements into the family relationships, but here is a clear cut example of unlimited ability to intrude upon, and Judicial abuses of discretion at their most critical moments. {Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072 and {IN RE: PROBATE CASE#: N-2021-452}

Alabama and Federal Law both recognize and protect the basic essential rights of Family Interests, but what happens when the courts refuse to recognize those same Rights, a problem only compounded upon when then we subtract adequate representation, a sum that totals to countless years indigent families having been torn apart and completely disseminated without a single Constitutional Right afforded or law followed, i.e. a lawless court. As out there as that may seem that is here what occurred and still occurs a statement not embellished upon but fact. {Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072}

The state and the parent both share a compelling interest in the accuracy and finality of each and every Order in the Juvenile Court, especially ones dealing with Dependency, Termination of parental rights and Adoption, { {Case Nos. 2210073 and

2210074, only because of the Court of Civil Appeals Case No. 221072 and  {IN RE: PROBATE CASE#: N-2021-452}

While the statutes are strictly tailored to protect this interest, it would seem the protections that exist are not always acknowledged or afforded to parents in these delicate and draconian proceedings, as in my case. Many times if a parent is unable to get the argument correct the first time or meet the so short deadline for someone of pro se status, that can be 'all she wrote', meanwhile the entire family suffers a grievous loss that is unwarranted, unlawful and unconstitutional. {Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072}

The state and the parent both share a compelling interest in the accuracy and finality of each and every Order in the Juvenile Court, especially ones dealing with Dependency, Termination of parental rights and Adoption. {Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072 and  {IN RE: PROBATE CASE#: N-2021-452}

While the statutes are strictly tailored to protect this interest, it would seem the protections that exist are not always acknowledged or afforded to parents in these delicate and draconian proceedings, as in this case. Many times if a parent is unable to get the argument correct the first time or meet the so short deadline for someone of pro se status, that can be 'all she wrote', meanwhile the entire family suffers a grievous loss that is unwarranted, unlawful and unconstitutional. {Case Nos. 2210073 and 2210074, only because of the Court of Civil Appeals Case No. 221072}

**Kayla South <kaylalalasouth585@gmail.com>**

## Re: pro Dr General Complaint for Civil Right's

**Kayla South** <kaylalalasouth585@gmail.com>                                                    Wed, Mar 22, 5:38 PM
To: Bain, Connie <connie.bain@dhr.alabama.gov>, Brandy Valentini <brandy@valentinilegal.com>, Dobbs, Kimberly
<kimberly.dobbs3@dhr.alabama.gov>, Ericka Elzey <hortonlawoffice@aol.com>, Kayla South <fightdhrandwin@gmail.com>,
Yousif, Wendy <wendy.yousif@dhr.alabama.gov>, <jennifer.Rios@dhr.alabama.gov>, <jlandonlaw@gmail.com>,
<marcellastovall@dhr.alabama.gov>, <probate@stclairco.com>

 Pro Dr General Complaint for...

On Wed, Mar 22, 2023 at 5:31 PM Kayla South <                            > wrote:

Chris robert program director
Presiding District Judge Minor
Former probate and circuit Bowling
Alex fur presiding Circuit judge
Charity Shaw
Presiding circuit judge Seay
Steve Marshall alabaam att
Marcella Stovall
Rebecca Watson
[Quoted text hidden]

I am mailing this today on May 23, 2023. I, Kayla South, attempted to have this sticker updated, but was unable to I Kayla South, also had trouble with my printer so I am enclosing the part of the Complaint that I was able to print out.

Also attached is where I attempted Service by email, but it would not send, and including the fact I intend to email from the new account I had to make.

I, Kayla South, being egregiously thrown off my medications absent informed consent due to being mistaken for an addict due to my history before having my son, am sending this complaint incomplete, but will be there tomorrow to try again.

Kayla South
Kayle South
May 23, 2023
7:56 p.m.